## SOUTHERN RY. CO. v. LITTLE.

(Circuit Court of Appeals, Fifth Circuit. October 27, 1922.)

No. 3894.

Railroads ⊚⟶348(6)—Evidence held to sustain charge of negligence as to automobile rider.

Evidence *held* to sustain a finding that the killing of one riding in an automobile, struck by a train at a crossing, was due to failure of the trainmen to exercise due care after deceased's peril was seen.

In Error to the District Court of the United States for the Northern District of Alabama; William I. Grubb, Judge.

Action at law by Mrs. W. T. Little, administratrix of estate of W. T. Little, deceased, against the Southern Railway Company. Judgment for plaintiff, and defendant brings error. Affirmed.

R. H. Scrivner and J. T. Stokely, both of Birmingham, Ala., for plaintiff in error.

Charles A. Calhoun, of Birmingham, Ala. (John T. Glover, of Birmingham, Ala., on the brief), for defendant in error.

Before WALKER, BRYAN, and KING, Circuit Judges.

PER CURIAM. This was an action brought by the defendant in error, suing as the administratrix of the estate of William T. Little, deceased, to recover damages for his death, which resulted from a collision, at a crossing of the plaintiff in error's railroad track and a roadway, between a train and an automobile in which the deceased was riding. The complaint contained two counts, one charging simple negligence, and the other charging wantonness or recklessness in the operation of the train on the occasion in question.

The plaintiff in error complains of the refusal of the court to give requested charges to the jury to the effect that, if they believed the evidence, they must find in favor of the defendant. The pleadings and the evidence adduced raised the questions whether the charges made in the complaint were or were not sustained, whether the deceased was guilty of negligence which proximately contributed to his death, and whether the person or persons in charge of the train did or did not, after becoming aware of the deceased's peril, due to his going on the track at the crossing when the train was approaching, negligently fail to use available means to avoid the collision.

In behalf of the plaintiff in error it is contended that there was an absence of evidence to support the charge of wantonness or recklessness, or to support a finding that the engineer, or another in charge of the operation of the train, was negligent after the deceased's peril was disclosed. It is enough to say that in our opinion the record does not sustain either of those contentions. The conclusion that the rulings complained of were not erroneous is the result of the application of principles so familiar and well settled as to make a restatement of them altogether unnecessary.

The judgment is affirmed.

⊚⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes